William T. Morris v. Commissioner.
Morris v. Commissioner
Docket No. 112279.
United States Tax Court
1944 Tax Ct. Memo LEXIS 405; 3 T.C.M. (CCH) 1; T.C.M. (RIA) 44001; January 3, 1944
*405 Ordinary income v. recovery of capital: Tax benefit theory. - Cash and securities received by the taxpayer upon the liquidation of a partnership of which he had been a member do not constitute taxable income where taxpayer had in previous tax years claimed loss deductions for the full amount of his partnership contribution and where taxpayer had received no "tax benefit" from such deductions. Melvin L. Huffaker, Esq., for the respondent. OPPER
Memorandum Opinion OPPER, Judge: Respondent determined a deficiency of $53,635.40 in the petitioner's income tax for the calendar year 1938, which petitioner by this proceeding challenges, claiming in addition an "overassessment" of $56,666.90. The issue is whether or not cash and securities received by petitioner upon the liquidation of a partnership of which he had been a member constitute taxable income, where petitioner had in previous tax years claimed loss deductions for the full amount of his partnership contribution. The facts are stipulated and are hereby found accordingly. [The Facts] The petitioner is a resident of Great Neck, Long Island, New York, having a business address in Bridgeport, Connecticut. He filed his 1938 income *406 tax return at Hartford, Connecticut. In 1930 petitioner became a special partner in the brokerage firm of Harris, Small & Co., of Detroit, Michigan, upon the contribution to its capital of $250,000. Under his agreement with the general partners of the firm his liability for partnership debts was limited to the amount of his capital contribution. In the event of dissolution of the partnership and the liquidation of its business, petitioner and any other special partners were to receive back their capital contributions before anything was to be paid to the general partners in liquidation of their interests. Two other persons were subsequently admitted as special partners, one of whom contributed $100,000 and the other $50,000 to the capital of the firm. On June 10, 1933, Julian H. Harris, one of the general partners, died and the partnership was dissolved. At the date of dissolution there were turned over to a liquidator assets having a value of $38,188.90. Petitioner's proportion thereof amounted to $23,868.06. The partnership owed a Detroit bank more than $400,000 against which the bank held certain collateral. On his income tax return for 1933 petitioner deducted as a loss on his *407 investment in the partnership his entire capital contribution of $250,000, which after reduction by $23,868.06 respondent allowed. The result was a net loss for the year of $197,995.83. In November of 1934 it was believed by all parties that no part of the firm's assets held by the liquidator or the bank could be recovered by petitioner. On his income tax return for 1934 petitioner deducted as a loss the $23,868.06 balance which respondent allowed for that year. The loss taken and allowed in 1933 offset gross income in the amount of $28,136.11; and the deduction in 1934 offset gross income in the full amount of the $23,868.06 taken as a loss. Due to an unexpected and substantial rise in the value of assets held by the bank it was able to collect the amount due it by a sale of a portion of the collateral. The remaining collateral was turned over to the liquidator in 1936. In the fall of 1936 the liquidator paid petitioner $5,000 in cash. Petitioner had some question as to his right to this amount and he did not report it in his income tax return for 1936. On December 19, 1938, petitioner received from the liquidator $180.06 in cash, and securities having a fair market value of $91,988.50. *408 The foregoing distributions were made possible by reason of improvement in the market of certain securities held for the partnership. Petitioner, in his return for 1938, did not include in his gross income for the year 1938 any receipts from the liquidator of the partnership, reporting as "nontaxable income" the cash received in the amount of $5,180.06. The conclusion to be drawn seems to be dictated by , affirmed with its related cases sub nom. . On that authority, the issue must be determined in petitioner's favor. Because of conceded items, Decision will be entered under Rule 50.